UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JENNIFER L. BRADFORD, individually,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 2:20-cv-00754-JAD-EJY

**ORDER**

Pending before the Court is the United States' Motion to Stay Discovery Pending Court's Decision on Motion to Dismiss.  ECF No. 17.  The Court has considered the Motion, Plaintiff's Opposition (ECF No. 18), and the Reply (ECF No. 19).  Also pending before the Court is the Stipulated Discovery Plan and Scheduling Order (ECF No. 20).

**I.**    **Background**

Defendant, the United States (the "Government"), filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction on October 19, 2020.  ECF No. 13.  The basis of the Motion to Dismiss is that the Federal Torts Claims Act (the "FTCA") requires exhaustion of administrative remedies as a jurisdictional prerequisite.  Because the Government contends Plaintiff failed to exhaust her administrative remedies, the Government contends its Motion to Dismiss will be granted, and discovery is not needed in order to reach that outcome.  ECF No. 17.

In Opposition to the Motion to Stay Discovery, Plaintiff argues that she properly presented her claim to the Government and, to the extent the Government contends otherwise, discovery is needed to resolve this factual dispute.  ECF No. 18.  On Reply, the Government states that "uncontroverted evidence shows ICE never received Plaintiff's claim" and receipt of the claim is mandatory in order for Plaintiff to have met the necessary prerequisites to file her claim in Court.  ECF No. 19 *citing Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 206); 28 C.F.R. § 14.2(a).

## II. Discussion

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.*, Case No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending. *Tradebay*, 278 F.R.D. at 602. For this reason, a party seeking a discovery stay carries the "heavy burden" of making a strong showing why the discovery process should be halted. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011). A court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. Nevertheless, the court has broad discretion when deciding whether to grant a motion to stay discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

The Government's Motion to Dismiss states:

> Upon receiving Plaintiff's Complaint, U.S. Attorney's Office and ICE investigated this matter. ICE searched for, but could not locate, any record of Plaintiff's administrative claim. *See* declaration from Jeannette Litz, Exhibit A, attached to Declaration of Brian W. Irvin ("Decl."). Plaintiff's counsel then provided Defendant's counsel with copies of the administrative claims that Plaintiff allegedly sent on October 31, 2019 and February 11, 2020. *See* October 31, 2019 and February 11, 2020 demand packets, respectively Exhibits B and C, attached to Declar. Significantly, the certified mail tracking information shows that Plaintiff's February 11, 2020 administrative claim is currently "in-transit" and was not delivered to the agency. *See* Decl., ¶ 5.

ECF No. 13 at 3. Thus, the Motion to Dismiss attaches various documents clearly addressing Plaintiff's February 11, 2020 submission, providing independent evidence it was not received. Through the Declaration of Jeannette Litz, the Motion to Dismiss also supports the conclusion that Plaintiff's October 31, 2019 submission was not received. ECF No. 13-2. Specifically, Ms. Litz

states that she is a paralegal specialist with access to the FTCA administrative database of claims, she searched for Plaintiff's claim submission using the terms "Jennifer Bradford," "Bradford," "Simon Law," and "Daniel Simon," and that she found no record of an administrative claim submitted by Simon Law on behalf of Jennifer Bradford. *Id*. ¶¶ 2-3.

Ultimately, while the Motion to Dismiss, Opposition, and Reply dispute whether there is a question of fact regarding receipt of Plaintiff's administrative claim by the Government (ECF Nos. 13, 14, and 16), Plaintiff's contention that she has presented sufficient information to survive the Government's Motion to Dismiss is unlikely to succeed. It is Plaintiff's burden to prove subject matter jurisdiction and waiver of sovereign immunity. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Government correctly cites law demonstrating that receipt is both necessary and required in order for Plaintiff's claim to be exhausted, there is no evidence the Government received either of Plaintiff's submissions, Plaintiff is not entitled to the benefit of the "mailbox rule," and equitable tolling is not available to Plaintiff to save her claim. ECF No. 16. In sum, citing to *Estes v. United States*, 302 Fed.Appx. 563, 565 (9th Cir. 2008), the Government contends the evidence that Plaintiff's claim was mailed is insufficient to establish the agency received the claim.

The evidence shows the February 2020 certified mailing by Plaintiff to the Government was not received, and Plaintiff presents nothing to support the contention that her October 2019 regular mailing was received. In fact, what evidence there is, is to the contrary. ECF No. 13-2 ¶¶ 2-3. Based on the facts presented the Court finds that the Government's pending Motion is potentially dispositive of the entire case, likely to be successful, and can be decided without additional discovery.

Accordingly, IT IS HEREBY ORDERED that the United States' Motion to Stay Discovery Pending Court's Decision on Motion to Dismiss (ECF No. 17) is GRANTED.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS FURTHER ORDERED that the Stipulated Discovery Plan and Scheduling Order (ECF No. 20) is DENIED without prejudice as moot.

Dated this 27th day of January, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE